# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KENT FITCH,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL CARR, Warden,<br><br>    Respondent. | NO. ED CV 17-1024-DOC (KS)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition for Writ of Habeas Corpus, all the records herein, and the Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has raised objections ("Objections"). For the following reasons, Petitioner's Objections are overruled.

First, Petitioner objects that he was physically incapable of violating the prison rule (prohibition against engaging in sexual acts) for which he was disciplined. (Objections at 1-2, 5-6.) During the disciplinary rehearing, Petitioner presented medical evidence purporting to show that in 2002, several years before the rules violation in 2016, he had a "botched"

1

hernia surgery that resulted in numbness in his left groin area and rendered him unable to obtain an erection. (Dkt. No. 34 at 64, 71-75.) However, the discipline hearing officer ("DHO") credited instead the eyewitness accounts of two correctional officers who observed Petitioner masturbating in his cell. (Dkt. No. 34 at 43.)

As stated in the Report, the correctional officers' eyewitness accounts constituted "some evidence" to support the DHO's finding, and it is not the province of the Court to reweigh the evidence. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) ("Ascertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is any evidence in the record to support the disciplinary board's conclusion."). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id*. at 457.

Specifically, the "some evidence" standard is satisfied even when a prisoner, found to have violated a prison rule prohibiting sexual conduct, had presented evidence of physical impossibility due to sexual impotence. *See Hardney v. Lizarraga*, 2014 WL 3610904, at *3 (N.D. Cal. July 21, 2014) (finding some evidence where a correctional officer saw the prisoner masturbating, despite the prisoner's evidence that he was taking a medication that could prevent an erection); *Pierce v. Carson*, 2014 WL 5643336, at *4, *12 (N.D. Ala. Nov. 4, 2014) (finding some evidence where a medical technician saw the prisoner masturbating during dialysis treatment, despite the prisoner's claim of erectile dysfunction and impotence); *see also McDonald v. Holland*, 2015 WL 3967749, at *3, *8 (C.D. Cal. May 15, 2015) (finding some evidence where confidential informants stated that the prisoner had attempted oral copulation, despite the prisoner's claim that he was impotent and "not gay"). More generally, the "some evidence" standard is satisfied even when a prisoner, found to have violated a prison rule, had presented evidence of physical impossibility. *See McKoy v. Fox*, 587 F. App'x 802, 804-05 (5th Cir. 2014) (finding some evidence where an incident report stated that the prisoner

was observed masturbating in a prison parenting class, despite the prisoner's claim that it was mechanically impossible for him to masturbate at a desk in the classroom); *Williams v. Soto*, 2014 WL 2511302, at *2, *4 (C.D. Cal. June 4, 2014) (finding some evidence where a prison nurse saw the prisoner expose himself through an open seam of his pants, despite the prisoner's claim that it was physically impossible because his pants did not have a hole); *Whyte v. Snyder-Norris*, 2016 WL 4069874, at *7 (E.D. Ky. July 28, 2016) ("Whyte claims that [the evidence] contained factually inaccurate information and accounts of the alleged events which would have been chronologically and/or physically impossible, but Whyte fails to understand that only 'some evidence' (not proof beyond a reasonable doubt) is needed to support a disciplinary conviction in a prison setting.")

Second, Petitioner objects that the evidence credited by the DHO, the eyewitness statements of the two correctional officers, was unsworn. (Objections at 2.) However, the "some evidence" standard may be satisfied with unsworn statements. *See Baker v. Lyles*, 904 F.2d 925, 932-34 (4th Cir. 1990) (finding the "some evidence" standard may be satisfied by the unsworn letter of an anonymous informant); *Jackson v. Carlson*, 707 F.2d 943, 947-48 (7th Cir 1983) (finding no due process violation in a disciplinary finding based on an unsworn investigation report); *Orwat v. Maloney*, 360 F. Supp. 2d 146, 163 (D. Mass. 2005) ("[T]he hearing officer was within her discretion in relying on unsworn testimony.").

Third, Petitioner objects that he lacked notice of the rehearing, which violated the Federal Bureau of Prison's own regulations governing notice for prison disciplinary hearings. (Objections at 2-4.) As stated in the Report, however, the record establishes that Petitioner received constitutionally adequate notice because he received, soon after the violation occurred, written notice of the charge and at least 24 hours to prepare for the disciplinary proceeding. *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The Court need not consider whether prison officials complied with regulations that may be more generous than the procedural due process requirements of *Wolff*. *See Walker v. Sumner*, 14 F.3d 1415, 1420 (9th

Cir. 1994) ("[W]e need not consider whether the prison complied with its own regulations. Walker's right to due process was violated only if he was not provided with process sufficient to meet the *Wolff* standard."), *overruled on other ground by Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Fourth, Petitioner objects that his medical evidence was not considered during the rehearing. (Objections at 4.) Specifically, Petitioner objects that the Report mischaracterized the crux of his actual argument, which was that the DHO had prejudged the case before receiving Petitioner's medical evidence. (*Id.*) But as stated in the Report, the record establishes that the DHO did consider Petitioner's medical evidence and then explained why, in his view, it did not alter the outcome, given that two correctional officers had witnessed the violation and had no reason to submit a false report. (Dkt. No. 34 at 43.) Moreover, as stated in the Report, Petitioner presented no evidence that the DHO had prejudged the case or committed any impropriety in conducting the rehearing. Thus, it remains the case that Petitioner is not entitled to habeas relief for this claim.

Finally, Petitioner objects that during the rehearing, he was wrongfully denied the assistance of a staff representative and the live testimony of his cellmate. (Objections at 4.) As stated in the Report, Petitioner had no constitutional right to a staff representative and, in any event, Petitioner waived the right to such assistance. (Dkt. No. 34 at 42, 56.) Similarly, the DHO lawfully exercised his discretion to accept the written statement of the cellmate in lieu of his live testimony and, in any event, Petitioner waived the right to his cellmate's live testimony. (*Id.*) Although Petitioner denies that he signed any such waiver (Objections at 4), the record shows that he did (Dkt No. 34 at 56). To the extent that Plaintiff is implying that the signature is not genuine, he has not demonstrated entitlement to habeas relief on this basis. *See Harrison v. Marshall*, 2010 WL 5422540, at *14 (C.D. Cal. July 28, 2010) ("Because petitioner had no federal due process right to the assignment of an investigative employee, his allegation that documents were 'altered' to reflect his waiver of such assignment is insufficient

4

to state a claim on which federal habeas relief may be granted."); *Nelson v. Haviland*, 2010 WL 4718768, at *5 (E.D. Cal. Nov. 12, 2010) ("Finally, as to petitioner's claim that prison officials forged the Reporting Employee's signature on the Rules Violation Report, petitioner has not offered any evidence or even a specific statement of facts, to support this bald assertion.").

**ORDER**

IT IS ORDERED that: (1) the First Amended Petition is denied; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: April 30, 2019

*David O. Carter*
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE